J-S67023-18

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE PAGE | : | |
| | : | |
| Appellant | : | No. 3863 EDA 2017 |

Appeal from the PCRA Order November 3, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0138781-1990

BEFORE:   OTT, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED JANUARY 16, 2019**

Appellant George Page appeals *pro se* from the order dismissing as untimely his second petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant claims that he properly raised the newly discovered facts and governmental interference exceptions to the PCRA time bar.  **See** 42 Pa.C.S. § 9545(b)(1)(ii)-(iii).  We affirm.

The relevant procedural history of this case is as follows.  On October 25, 1990, following a bench trial, Appellant was convicted of second-degree murder and related offenses.  The trial court sentenced Appellant to a mandatory sentence of life imprisonment.

Appellant filed a post-verdict motion alleging, in relevant part, that the Commonwealth's primary witness, Harold Jackson, had recanted his testimony

---

[*] Retired Senior Judge assigned to the Superior Court.

after trial.  **See** Post-Sentence Mot., 11/1/90; **see also** Supp. Post Verdict Mot., 9/16/93.  At the hearing on February 28, 1994, Jackson testified for the defense.  At the conclusion of the hearing, the trial court denied Appellant's motions.

Appellant filed a direct appeal, and this Court affirmed Appellant's judgment of sentence on April 24, 1995.  **See Commonwealth v. Page**, 664 A.2d 1058 (Pa. Super. 1995) (unpublished mem.).  The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on December 4, 1995.

On December 15, 1997, Appellant filed his first *pro se* PCRA petition. Appointed counsel subsequently filed an amended petition alleging, in relevant part, that direct appeal counsel was ineffective for failing to raise the issue of Jackson's recantation and the allegation of bribery on direct appeal.  **See** Am. PCRA Pet., 9/18/98, at 8.  The PCRA court ultimately dismissed the petition as untimely on January 27, 1999.  This Court affirmed the PCRA court's dismissal on May 30, 2000.  **See Commonwealth v. Page**, 691 EDA 1999 (Pa. Super. filed May 30, 2000) (unpublished mem.).

Appellant filed the instant *pro se* PCRA petition, his second, on May 11, 2016.  Appellant attempted to invoke the governmental interference and newly discovered evidence exceptions to the PCRA time bar.  In support, Appellant attached a sworn affidavit from Jackson, who again stated that he lied at trial, and that he did so because he was threatened by detectives and offered money in exchange for his testimony.  **See** *Pro Se* PCRA Pet., 5/9/16,

Ex. A.  Jackson also indicated that he "did try to explain this truth . . . some time ago[.]" ***Id.***

On July 14, 2017, the PCRA court filed a notice of intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907, stating that the petition was untimely and that Appellant failed to establish a time-bar exception.  ***See*** Pa.R.Crim.P. 907 Not., 7/14/17.  Appellant's *pro se* response was docketed on July 24, 2017.

On November 3, 2017, the PCRA court formally dismissed Appellant's petition.  Appellant timely appealed.  Both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Whether (in) reviewing the (proeprty) [sic] of the [PCRA] court's dismissal of [A]ppellant's [PCRA] filing, it was an abuse of discretion for the [PCRA] court to determine that it was untimely . . . where the petition was timely filed under title [42 Pa.C.S.[] § 9545(b)(1)(ii) and 9545(b)(2), because [A]ppellant established and invoked the newly discovered facts exception[.]

2. Whether the PCRA court erred and denied [A]ppellant his federal and state constitutional rights to due process of law by dismissing [A]ppellant's [PCRA] petition without an evidentiary hearing and appointment of counsel . . . where [A]ppellant raised questions of disputed facts regarding t[h]e timeliness of his [PCRA] petition[.]

Appellant's Brief at 4 (full capitalization omitted).

Our standard of review from the dismissal of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the

evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted).

It is well settled that "the timeliness of a PCRA petition is a jurisdictional [pre-]requisite." ***Commonwealth v. Brown***, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted). A PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).[1]

In **Commonwealth v. Marshall**, 947 A.2d 714 (Pa. 2008), the Pennsylvania Supreme Court emphasized that the Section 9545(b)(1)(ii) exception "requires petitioner to allege and prove that there were 'facts' that were 'unknown' to him and that he could not have ascertained those facts by the exercise of 'due diligence.'" **Id.** at 720 (citation omitted). This Court has explained that "[d]ue diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned [of] the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." **Commonwealth v. Medina**, 92 A.3d 1210, 1216 (Pa. Super. 2014) (*en banc*) (citation omitted).

Further, the Pennsylvania Supreme Court has noted that

[a]lthough a **Brady** violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence. Section 9545(b)(1)(ii)'s exception requires the facts upon which the **Brady** claim is predicated were not previously known to the petitioner and could not have been ascertained through due diligence. In [**Commonwealth v. Bennett**, 930 A.2d 1264, 1271 (Pa. 2007)], we clarified that § 9454(b)(1)(ii)'s exception does not contain the same requirements as a **Brady** claim, noting "we made clear the exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim. Rather, the exception merely requires that the 'facts' upon which such a

---

[1] Moreover, to invoke one of these exceptions, a petitioner must also file the petition "within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence."

*Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008) (citations omitted).

Instantly, there is no dispute that Appellant's conviction became final in 1996, and that Appellant's instant PCRA petition is facially untimely. Because Appellant failed to file the instant PCRA petition within one year of the date his sentence became final, he must satisfy one of the exceptions to the PCRA time bar. Appellant raises the newly discovered facts and governmental interference exceptions.

First, Appellant alleges that he initially became aware of the fact that Jackson received a monetary reward in exchange for his testimony no earlier than March 15, 2016, sixty days before his petition was filed. Appellant's Brief at 12. He asserts that "although Harold Jackson sent a letter to Appellant's [p]ost-sentence counsel Rita M. Eichman recanting his trial testimony over twenty years ago on the date of October 4, 1993, the letter merely indicated that he lied at Appellant's [t]rial." *Id.* at 16. Appellant therefore concludes that Jackson's new affidavit, which states that "he received a monetary reward and preferential treatment on open cases" constitutes a new fact. *Id.* at 19.

Next, Appellant argues that the Commonwealth's failure to disclose that Jackson was given money in exchange for his testimony was a *Brady* violation and constituted governmental interference. *Id.* at 20. He argues that he was unable to contact Jackson to obtain a sworn affidavit and confirm the specific

details of his perjury. *Id.* at 18. Therefore, Appellant concludes that his petition was timely, as it was filed within sixty days of the date he received Jackson's sworn affidavit. *Id.* at 19.

In its Rule 1925(a) opinion, the PCRA court concluded that Appellant did not meet the newly discovered facts or governmental interference exceptions because the fact of Jackson's recantation was not unknown to Appellant. *See* PCRA Ct. Op., 5/24/18, at 4-5. Specifically, the PCRA court explained that

> [n]otably, in his affidavit, Jackson indicated that he tried to "explain this truth" during the direct appeals of [Appellant] and his co-defendant. Despite this statement and [Appellant's] prior filings, [Appellant] persisted that he first discovered this "fact" no earlier than March 15, 2016.
>
> Moreover, the affidavit signed by Jackson appeared consistent with what was presented at [Appellant's] post-sentence motions over twenty years ago. [Appellant's] counsel during post-sentence motions, Rita M. Eichman, was sent a letter from Jackson dated October 4, 1993. This letter indicated that he wanted to speak to [Appellant's] counsel because he lied at trial when he implicated [Appellant]. On February 28, 1994, post-verdict motions were heard during which [Appellant's] new counsel presented Jackson as a witness. During the hearing, Jackson testified that he was around the corner and did not witness the incident.[2] The post-sentence motions were denied and counsel did not raise this issue on direct appeal. Based upon these facts, [Appellant] knew about the recantation by February 28, 1994 and

---

[2] The transcript from the post-sentence motions hearing is not included in the certified record. However, Appellant's counseled PCRA petition, filed in 1997, references portions of Jackson's testimony from the hearing, including that (1) his original witness statement was coerced by the police; (2) the prosecution threatened him and stated that he would be implicated for the shooting if he did not testify against Appellant and his co-defendant; and (3) the prosecutor gave him $350 in exchange for his testimony. *See* Am. PCRA Pet., 9/18/98, at 7.

- 7 -

likely knew shortly after counsel received the letter dated October 4, 1993.

On December 15, 1997, [Appellant] filed his first *pro se* PCRA petition. [Appellant] attached as "Exhibit A" the aforementioned letter dated October 4, 1993 in which Jackson indicated to [Appellant]'s counsel that he was recanting his testimony. Counsel was appointed and subsequently filed an Amended PCRA Petition, in which he raised the issue of the recantation. Notably, his Amended Petition indicated that the issue was raised on behalf of [Appellant] during post-verdict motions and instead argued counsel was ineffective for abandoning this issue on direct appeal. The court dismissed the petition as untimely. Therefore, even if this court disregarded both the October 4, 1993 letter to counsel and the post-sentence motions, [Appellant] definitively knew by December 15, 1997.

Based upon the foregoing, this court lacked jurisdiction to hear this claim involving Jackson's recantation. [Appellant] has failed to demonstrate that these statements were previously unknown and could not have been obtained earlier through the exercise of due diligence. To the contrary, these "facts" were known to [Appellant], more than sixty days prior to the filing of the present petition. The PCRA requires a petition invoking one of these exceptions, including those relating to both newly discovered evidence and government interference, "be filed within 60 days of the date the claim could have been presented." 42 Pa.[C.S.] § 9545(b)(2). Even treating this as a "newly discovered fact," it would have been discovered no later than December 15, 1997. The present PCRA petition was filed well outside of the 60 day grace period afforded by 42 Pa.[C.S.] § 9545(b)(2). Further, [Appellant] has failed to demonstrate that he acted with due diligence during . . . more than twenty-five years between his conviction and the filing of the instant petition. This failed to satisfy his burden.

. . . [Appellant] claimed that Jackson's allegations in his recantation constitute governmental interference because he received preferential treatment on any open cases. Contrary to [Appellant's] assertions in his *pro se* [p]etition, the affidavit provided by Jackson does not indicate that he received any preferential treatment on any open cases. Moreover, as stated above, this alleged misconduct by the Commonwealth was known to [Appellant] no later than December 15, 1997. Once again, the petition must "be filed within 60 days of the date the claim could

- 8 -

have been presented" in accord with 42 Pa.[C.S.] § 9545(b)(2). This claim was not raised within 60 days of the date it could have first been presented. As a result, this claim does not satisfy an exception pursuant to 42 Pa.[C.S.] §9545 (b)(1)(i). Even if this alleged misconduct constituted government interference, it could have been presented by December 15, 1997, if not earlier. [Appellant's] failure to raise the claim for over eighteen years after discovering the alleged conduct was fatal to his claim.

*Id.* at 4-5.

Therefore, we agree with the PCRA court that Appellant has not established why he could not have raised these exceptions earlier with the exercise of due diligence. *See Marshall*, 947 A.2d at 720; *Abu-Jamal*, 941 A.2d at 1268. Accordingly, the PCRA court properly concluded that it lacked jurisdiction to consider the merits of Appellant's claims. *See Brown*, 111 A.3d at 175.

Finally, Appellant's claim that the PCRA court erred in not granting him a hearing is also meritless. This Court has held that "[a] petitioner is not entitled to a PCRA hearing as a matter of right." *Commonwealth v. Smith*, 121 A.3d 1049, 1052 (Pa. Super. 2015) (citation omitted). "It is within the PCRA court's discretion to decline to hold a hearing." *Commonwealth v. Turetsky*, 925 A.2d 876, 882 (Pa. Super. 2007) (citation omitted). "[T]he PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." *Smith*, 121 A.3d at 1052 (citation omitted); *see* Pa.R.Crim.P. 907(2) & cmt. On appeal, we "examine each of the issues raised in the PCRA

petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." **Smith**, 121 A.3d at 1052 (citation omitted).

As stated above, the PCRA court held that the evidence presented by Appellant was not previously unknown to Appellant, and therefore he did not meet the section 9545(b)(1)(i) or (ii) timeliness exceptions to the PCRA time bar. Because we agree with the court's holding that Appellant's petition was not timely filed, Appellant's claim did not warrant a hearing under Pa.R.Crim.P. 907. **See** Pa.R.Crim.P. 907; **Smith**, 121 A.3d at 1052. Therefore, the PCRA court did not err in dismissing the petition without an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/19